UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BONILLA, et al., | ) |
| Plaintiff(s), | ) No. C05-4943 BZ |
| v. | ) **ORDER SCHEDULING** |
| | ) **COURT TRIAL AND** |
| ANTIOCH PAVING CO. INC. and | ) **PRETRIAL MATTERS** |
| RICHARD H. ALLISON, | ) |
| Defendant(s). | ) |

Following the Case Management Conference, **IT IS HEREBY ORDERED** that the Case Management Statement is adopted, except as expressly modified by this Order.  It is further **ORDERED** that:

1. <u>DATES</u>

Trial Date:  Tuesday, 10/3/06, **8:30 a.m.**, 3 days

Pretrial Conference:  Tuesday, 9/12/2006, **4:00 p.m.**

Last Day to Hear Dispositive Motions: Wednesday, 8/16/2006

Last Day for Expert Discovery: Friday, 8/11/2006

Last Day for Expert Disclosure: Friday, 8/4/2006

Close of Non-expert Discovery: Friday, 7/25/2006

///

2. <u>DISCLOSURE AND DISCOVERY</u>

The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions.  Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

In the event a discovery dispute arises, **lead counsel** for each party shall meet in person or, if counsel are outside the Bay Area, by telephone and make a good faith effort to resolve their dispute.  Exchanging letters or telephone messages about the dispute is insufficient.  The Court does not read subsequent positioning letters; parties shall instead make a contemporaneous record of their meeting using a tape recorder or a court reporter.

In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a letter served on all parties not exceeding two pages (with no attachments) which briefly explains the nature of the action and the issues in dispute.  Other parties shall reply in similar fashion within two days of receiving the letter requesting the conference.  The Court will contact the parties to schedule the conference.

3. <u>MOTIONS</u>

Consult Civil Local Rules 7-1 through 7-5 and this

1  Court's standing orders regarding motion practice.  Motions
2  for **summary judgment** shall be accompanied by a statement of
3  the material facts not in dispute supported by citations to
4  admissible evidence.  The parties shall file a joint statement
5  of undisputed facts where possible.  If the parties are unable
6  to reach complete agreement after meeting and conferring, they
7  shall file a joint statement of the undisputed facts about
8  which they do agree.  Any party may then file a separate
9  statement of the additional facts that the party contends are
10 undisputed.  A party who without substantial justification
11 contends that a fact is in dispute is subject to sanctions.  A
12 Chambers copy of all briefs shall be submitted on a diskette
13 formatted in WordPerfect 6.1, 8, 9 or 10 (Windows) or
14 WordPerfect 5.1 (DOS).
15 4.   <u>MEDIATION</u>
16      By agreement of the parties, this matter has been
17 referred for a Mediation to be conducted by the end of June
18 2006, if possible.  The parties shall promptly notify the
19 Court whether the case is resolved at the Mediation.
20 5.   <u>SETTLEMENT</u>
21      This case has been referred for assignment to a
22 Magistrate Judge to conduct a settlement conference in the
23 event the case is not resolved at the Early Neutral
24 Evaluation.  Counsel will be contacted by that judge's
25 chambers with a date and time for the conference.
26 6.   <u>PRETRIAL CONFERENCE</u>
27      Not less than thirty days prior to the date of the
28 pretrial conference, the parties shall meet and take all steps

necessary to fulfill the requirements of this Order.

Not less than twenty days prior to the pretrial conference, the parties shall: (1) serve and file a joint pretrial statement, containing the information listed in **Attachment 1**, and a proposed pretrial order; (2) serve and file trial briefs, Daubert motions, proposed findings of fact and conclusions of law, and statements designating excerpts from discovery that will be offered at trial (specifying the witness and page and line references); (3) exchange exhibits, agree on and number a joint set of exhibits and number separately those exhibits to which the parties cannot agree; (4) deliver all marked trial exhibits directly to the courtroom clerk, Ms. Scott; (5) deliver one extra set of all marked exhibits directly to Chambers; and (6) submit all exhibits in three-ring binders.  Each exhibit shall be marked with an exhibit label as contained in **Attachment 2**.  The exhibits shall also be separated with correctly marked side tabs so that they are easy to find.

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed at pretrial, without leave of Court and for good cause.

Lead trial counsel for each party shall meet and confer in an effort to resolve all disputes regarding anticipated testimony, witnesses and exhibits.  All Daubert motions and objections will be heard at the pretrial conference.  Not less than ten days prior to the pretrial conference, the parties shall serve and file any objections to witnesses or exhibits or to the qualifications of an expert witness.  Daubert

4

1  motions shall be filed and served not less than twenty days
2  prior to the conference.  Oppositions to <u>Daubert</u> motions shall
3  be filed and served not less than ten days prior to the
4  conference.  There shall be no replies.

5  All motions and proposed findings of fact and conclusions
6  of law, and trial briefs shall be accompanied by a floppy
7  diskette containing a copy of the document formatted in
8  WordPerfect 6.1, 8, 9 or 10 (Windows) or WordPerfect 5.1
9  (DOS).

10  At the time of filing the original with the Clerk's
11  Office, two copies of all documents (but only one copy of the
12  exhibits) shall be delivered directly to Chambers (Room 15-
13  6688).  Chambers' copies of all pretrial documents shall be
14  three-hole punched at the side, suitable for insertion into
15  standard, three-ring binders.

16  Dated:  April 4, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\BONILLA\SCH.ORD.wpd

5

**ATTACHMENT 1**

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have made to resolve disputes over anticipated testimony, exhibits and witnesses.

6

       (A)    Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

       (B)    Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

       (C)    Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission.  Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

       (D)    Further Discovery or Motions. A statement of all remaining motions, including motions in limine.

(4) **Trial Alternatives and Options.**

       (A)    Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

       (C)    Amendments, Dismissals. A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

       (D)    Bifurcation, Separate Trial of

```
 1                        Issues. A statement of whether
                          bifurcation or a separate trial
 2                        of specific issues is feasible
                          and desired.
 3
               (5) Miscellaneous.
 4
          Any other subjects relevant to the trial of the action,
 5   or material to its just, speedy and inexpensive determination.
```

**ATTACHMENT 2**

**USDC**
Case No. CV05-04943 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-04943 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-04943 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-04943 BZ
**JOINT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-04943 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-04943 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-04943 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-04943 BZ
**PLNTF** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-04943 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-04943 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-04943 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____

**USDC**
Case No. CV05-04943 BZ
**DEFT** Exhibit No. _____
Date Entered _____

Signature _____